UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
NAGNATH KHARAT,

                              Plaintiff,                                26-CV-03409 (PAE) (VF)

            -against-                                                   **ORDER OF SERVICE**

MARIE KREUTZER, et al.,

                              Defendants.
-------------------------------------------------------------------X
**VALERIE FIGUEREDO, United States Magistrate Judge:**

Plaintiff Nagnath Kharat, who resides in India, brings this action for copyright

infringement against Marie Kreutzer, Film AG Produktions GmbH ("Film AG"), and ten

unidentified Doe defendants. By order dated May 4, 2026, the Court granted Plaintiff's

application to proceed in forma pauperis ("IFP"), that is, without prepayment of fees.[1]

Plaintiff alleges that both of the named defendants are located in Austria.[2] Although

plaintiffs granted IFP status are usually entitled to service of process by the U.S. Marshals

Service ("USMS"), see 28 U.S.C. § 1915(d); Fed. R. Civ. P. 4(c)(3), the USMS does not

perform service of process on defendants located outside of the United States of America,

see Gaughn v. Barounis, No. 24-CV-4119 (ER), 2024 WL 4277523, at *1 (S.D.N.Y. Sept.

24, 2024); Friedman v. Bartell, No. 22-CV-7630 (CS), 2023 WL 3818548, at *1 (S.D.N.Y

June 5, 2023); Warren v. eBay, Inc., No. 22-CV-3524 (PGG), 2022 WL 2191752, at *2

(S.D.N.Y. June 17, 2022).

---

[1] Plaintiff filed the complaint in this action without the filing fees or an IFP application. By order dated April 27, 2026, Chief Judge Laura Taylor Swain directed Plaintiff to cure this deficiency. Plaintiff submitted an IFP application on April 30, 2026.

[2] Plaintiff also sues 10 unidentified John Doe defendants. Because Plaintiff alleges no facts describing who these defendants are or how they were involved in the events giving rise to his claims, the Court declines to issue an order, under Valentin v. Dinkins, 121 F.3d 72, 76 (2d Cir. 1997), as to these defendants at this time.

Rule 4 of the Federal Rules of Civil Procedure provides the means by which an individual or a foreign corporation, partnership, or association located outside of the United States may be served, which normally includes service authorized by the Hague Convention. See Fed. R. Civ. P. 4(f)(1), (h)(2). Austria is a signatory to the Hague Convention.[3] Austria, however, has objected to Article 10, which permits service by postal channels. Service on a party in Austria therefore must be completed by sending the documents to the Austrian Central Authority, which will then serve the documents on the party. Austria's Central Authority will only arrange for service if all documents to be served are translated into German or accompanied by a German translation.

Because the USMS will not serve defendants located outside the United States, and the Clerk of Court cannot pay for the translation of documents, Plaintiff is responsible for serving these defendants. Plaintiff may either request that Kreutzer and Film AG waive service under Rule 4(d), or Plaintiff must have these defendants served in some manner permitted under Rule 4(f) or Rule 4(h)(2) and the Hague Convention without the assistance of the USMS.

The Court therefore directs the Clerk of Court to issue summonses for Marie Kreutzer and Film AG Produktions GmbH and to send those summonses directly to Plaintiff. The 90-day period for service included in Rule 4(m) of the Federal Rules of Civil Procedure does not apply to service on defendants outside of the United States of America under Rule 4(f) and Rule 4 (h)(2). See Fed. R. Civ. P. 4(m). Plaintiff, however, should exercise due diligence in effecting service on Defendants. See, e.g., Sec. Exch. Comm'n v.

---

[3] See Hague Conference on Private International Law, Austria – Central Authority & Practice Information, https://www.hcch.net/en/states/authorities/details3/?aid=1141 (list viewed May 5, 2026).

Shehyn, No. 04-CV-2003 (LAP), 2008 WL 6150322, at *4 (noting that "courts have used a 'flexible due diligence' standard in determining whether service of process under Rule 4(f) is timely" and citing cases) (internal citations and quotation marks omitted); see also DEF v. ABC, 366 F. App'x 250, 253 (2d Cir. 2010) (noting that the Second Circuit "previously held inapplicable the foreign country exception to . . . 4(m)'s [90-day] time limit for service where a party did not attempt service within the [90-day] limit and 'ha[d] not exactly bent over backward to effect service'") (citing Montalbano v. Easco Hand Tools, Inc., 766 F.2d 737, 740 (2d Cir. 1985)); USHA (India), Ltd. v. Honeywell Intern., Inc., 421 F.3d 129, 134 (2d Cir. 2005) (explaining that the exception in Rule 4(m) "does not apply if . . . the plaintiff did not attempt to serve the defendant in the foreign country").

**CONCLUSION**

The Court directs the Clerk of Court to issue summonses for Marie Kreutzer and Film AG Produktions GmbH and to send those summonses directly to Plaintiff. The Court further directs the Clerk of Court to e-mail a copy to Plaintiff at rdbb189@gmail.com.[4] Plaintiff is further directed to provide the Court a status update by **July 31, 2026** indicating whether service on these defendants has been completed or explaining the status of service.

    **SO ORDERED.**

DATED:    New York, New York
        May 12, 2026

                                    VALERIE FIGUEREDO
                                    United States Magistrate Judge

---

[4] Plaintiff consented to electronic service in this case. See ECF No. 18.