UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------X
NAGNATH KHARAT,

Plaintiff,

26-CV-03409 (PAE) (VF)

-against-

**ORDER**

MARIE KREUTZER, et al.,

Defendants.
---------------------------------------------------------------X

**VALERIE FIGUEREDO, United States Magistrate Judge:**

On August 26, 2026, Plaintiff filed a motion requesting that the exhibits containing Plaintiff's original screenplays be filed under seal. ECF No. 24 at 1. In evaluating a sealing request, this Court applies the test set forth in Lugosch v. Pyramid Co. of Onondaga, 435 F.3d 110 (2d Cir. 2006). "In order to determine whether sealing is appropriate, a Court must first determine whether the document at issue is considered a judicial document 'relevant to the performance of the judicial function and useful in the judicial process.'" Sabre Glob. Techs. Ltd. v. Hawaiian Airlines, No. 22-CV-7395 (VSB), 2023 WL 5348883, at *2 (S.D.N.Y. Aug. 21, 2023) (quoting Lugosch, 435 F.3d at 119). If the documents are deemed judicial in nature, "a common law presumption of access attaches," and the Court next "consider[s] the weight of that presumption." Lugosch, 435 F.3d at 119. This weight is "governed by the role of the material at issue in the exercise of Article III judicial power and the resultant value of such information to those monitoring the federal courts." United States v. Erie Cnty., 763 F.3d 235, 239 (2d Cir. 2014) (quoting United States v. Amodeo, 71 F.3d 1044, 1049 (2d Cir. 1995)). The presumption of access is "strongest" when the documents "determine litigants' substantive rights, and is weaker where the documents play only a negligible role in the performance of Article III duties." Olson v. Major League Baseball, 29

F.4th 59, 89 (2d Cir. 2022) (quoting Amodeo, 71 F.3d at 1049–50). The Court balances the weight of the presumption of access with the "competing considerations against" it, denying access "[o]nly when competing interests outweigh the presumption," Erie Cnty., 763 F.3d at 239 (quoting Lugosch, 435 F.3d at 120).

Here, Plaintiff's copyright claim is based on the screenplays, the copyright to which Plaintiff contends has been infringed by Defendants. ECF No. 1 at ¶¶ 19-24. The screenplays are thus judicial documents as they are at the heart of Plaintiff's copyright claim here. As such, a strong presumption of access applies, and Plaintiff has not overcome that presumption of access.

Thus, Plaintiff's sealing request is **DENIED**. The Clerk of Court is respectfully directed to unseal the filings at ECF Nos. 3 and 24 and to close the motion at ECF No. 24.

**SO ORDERED.**

DATED: New York, New York
September 17, 2026

VALERIE FIGUEREDO
United States Magistrate Judge